IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| CASSANDRA BANKSTON, | : | |
| --- | --- | --- |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No.: 3:06-CV-57 (CAR) |
| v. | : | |
| | : | |
| WAL-MART STORES EAST, LP | : | |
| | : | |
| Defendant. | : | |

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| ANTHONY BANKSTON, | : | |
| --- | --- | --- |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No.: 3:06-CV-58 (CAR) |
| v. | : | |
| | : | |
| WAL-MART STORES EAST, LP | : | |
| | : | |
| Defendant. | : | |

### ORDER ON MOTION TO CONSOLIDATE

Before the Court is Defendant's Motion to Consolidate [Doc. 10]. In it, Defendant requests this Court to consolidate the above-styled civil actions because they involve common questions of law and fact. Plaintiffs filed a Response [Doc. 11], and Defendant thereafter filed a timely Reply [Doc. 12].

After review of the arguments of the parties and the relevant authorities, the Court finds that the two actions should be consolidated. Accordingly, and for the reasons discussed below, Defendant's Motion to Consolidate is hereby **GRANTED**.

## I. Background

Both of the above-styled actions stem from some tire work that Defendant Wal-Mart Stores, LP ("Wal-Mart") performed on Plaintiffs' Volkswagen Jetta at a Wal-Mart Tire Lube Express in Athens, Georgia. The separate suits filed by Plaintiff Anthony Bankston ("Mr. Bankston") and his wife, Plaintiff Cassandra Bankston ("Mrs. Bankston"), both allege that on August 9, 2002, Defendant installed two new tires on Plaintiffs' mutually owned vehicle. Upon leaving the Wal-Mart store that day, with Mr. Bankston driving and Mrs. Bankston sitting in the passenger's seat, a wheel allegedly came off the vehicle, causing an accident. The accident, in turn, resulted in numerous injuries to both Plaintiffs. Plaintiffs then filed their respective suits alleging negligent wheel assembly by Defendant.

## II. Analysis

Rule 42(a) of the Federal Rules of Civil Procedure allows a district court judge to consolidate actions pending before the court "[w]hen actions involv[e] a common question of law or fact." Fed. R. Civ. P. 42(a). A district court's decision under Rule 42(a) is purely discretionary. See Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492, 1495 (11th Cir. 1985). In exercising its discretion, the court must determine:

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple trial alternatives." Id.

The Court cannot think of an instance more appropriate for consolidation than the one before it–both actions allege the same cause of action (i.e. negligence) based on the same events and are distinguishable only by the identity of Plaintiffs. Clearly, consolidation will economize

2

both judicial resources and the resources of the parties.

Moreover, the Court finds no prejudice inuring to Plaintiffs from consolidation, despite their opposition to this motion. Plaintiffs argue that because Mr. Bankston's injuries are more severe than those of Mrs. Bankston, the jury will compare the two, to the detriment of Mrs. Bankston.  This argument underestimates the jury's ability to keep track of evidence concerning the respective medical expenses of only two plaintiffs.  Moreover, Plaintiffs' concerns may be mitigated by a cautionary instruction to the jury.  Accordingly, Defendant's Motion for Consolidation is hereby **GRANTED**.

**SO ORDERED.**  This 11th day of December, 2006.


S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE


EHE/ssh